## Fichtner *v.* Fichtner, Appellant.

Argued April 25, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. M. Bennetts,* and with him *D. P. Weimer,* for appellant, cited: Fretton v. Karcher, 77 Pa. 423; Roth's Estate, 150 Pa. 261.

*Frank P. Barnhart,* for appellee, cited: Schock v. The Solar Gas Light Company, 222 Pa. 271; Schnurman v. Hillegas, 276 Pa. 556.

OPINION BY KELLER, J., July 10, 1930:

On the trial, this case took a wide range. It is really confined within a narrow compass.

Dr. Albon S. Fichtner (hereinafter called the old doctor) died on August 24, 1924 leaving a will, whereof he appointed his wife, Minnie H. Fichtner, the executrix. In his will he gave his son, Dr. Albon E. Fichtner (hereinafter called the young doctor), the first chance to purchase his library for the sum of $1,500. This action was brought by the executrix of the old doctor against the executrix of the young doctor to recover the money due on this library, $1,500, it being averred that the young doctor had accepted and kept the library but had never paid her for it.

The defendant filed an affidavit of defense in which in paragraph 7, she admitted that the $1,500 had never been paid, and gave as a reason therefor certain matters set up in the sixth paragraph, which related to a written agreement between the young doctor and the plaintiff, his step-mother, individually, under which he

was to pay her $150 per month for seven years, unless he was sooner incapacitated, in consideration of the transfer to him of certain shares of stock standing in the name of the old doctor, but held by a bank as collateral security for a debt of his.

The plaintiff proved by competent witnesses the young doctor's acceptance and retention of the library, and, for the purpose of proving non-payment of the valuation price therefor of $1,500, offered in evidence the seventh paragraph of the plaintiff's statement, which averred such non-payment, and the corresponding paragraph of the affidavit of defense, which admitted it. The first assignment of error complains of the admission in evidence of this paragraph unless accompanied by paragraph 6 of the affidavit. Appellant cites in support of her position, Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 434, and Swieczkowski v. Sypniewski, 294 Pa. 323, 327, which relate to qualified admissions in affidavits of defense. They do not apply here. The admission was not qualified, but absolute. Paragraph 6 purported to explain or give the reason why payment had not been made. That was matter of defense, but did not qualify the admission of fact that payment had not been made.

Most of the voluminous record in this case is taken up with evidence that was not relevant or material. It seems, though the record before us does not contain the proceedings, that the plaintiff secured an order from the orphans' court directing a sale of the old doctor's real estate to the young doctor at private sale for $14,000, or $7,000 over and above a first mortgage of $7,000 which was on the property, and conveyed the real estate to the young doctor pursuant thereto.

The defense introduced much testimony to show that the young doctor had paid bills of his father aggregating about $5,000, and had given Minnie Fichtner, or Minnie H. Fichtner, apparently as an individual, thirty checks totalling $4,500, and claimed that these

payments, aggregating $9,500, were $2,500 more than the $7,000 purchase money on the real estate, and therefore that he did not owe his father's estate for the library but that the estate was indebted to him in the amount of $1,000 and upwards; and the assignments of error relate to the admission or rejection of evidence on these items. As presented in this record, none of it was relevant or admissible. The fact that the young doctor bought his father's real estate at orphans' court sale for payment of debts did not give him the right to apply the consideration money to those debts, and he produced on the trial no authority justifying such action. His obligation was to pay the consideration money to the executrix of his father's will, not to pay bills to his father's alleged creditors. If he paid any of his father's debts he might have preserved his rights by taking an assignment of the claim, and then presented it as assignee of the claim to the executrix, but he did not adopt this course. Even so he would have had to prove the claim by competent evidence if it was disputed. Certainly the defendant could not prove disputed claims against the old doctor's estate, such as the bill of A. R. Fichtner, the young doctor's son, for $2,325, by calling the creditor and having him testify to the debt and that the young doctor had paid him the amount alleged to be due. The old doctor, the party to the alleged contract, was dead, and A. R. Fichtner, the surviving party to the contract, was incompetent to prove the claim directly against his estate, and he was just as incompetent to prove it in this action when the young doctor's estate was seeking to use it as a counter claim to a debt which he owed his father's estate.

So far as the record before us shows the young doctor acted as a mere volunteer in paying these bills and has no claim against his father's estate because of them, without further and additional proof not here presented.

The testimony relative to the bill of E. A. Friedhoff for $89.05 (2d assignment) was objectionable also on another ground. For this bill was paid in the old doctor's lifetime and the creditor was unable to say whose check paíd it, the old doctor's or young doctor's; that the young doctor handed him the check amounted to nothing. Even if the young doctor paid it out of his own funds, of which there is no proof, it does not follow that it was done as a loan rather than in settlement of a debt he owed his father.

As respects the checks payable to Minnie Fichtner, or Minnie H. Fichtner, there was nothing in the evidence to show that these were payments on the purchase price of the real estate, rather than under the agreement before referred to.

We shall not discuss the remaining assignments in detail, for they all relate to incompetent and irrelevant matters. They were concerned with the examination and cross-examination of witnesses as respects these alleged payments by the young doctor, all of which was irrelevant and inadmissible and not allowable as a defense in this action; its rejection or admission, in the light of the verdict did the defendant no possible harm.

As the issue was made up from the relevant and competent evidence in the case the plaintiff was entitled to a verdict if the jury believed that the young doctor accepted the library and did not pay the plaintiff for it; and the evidence was clearly in favor of the plaintiff on both points. The defendant presented no evidence of a valid defense to the claim.

The assignments of error are all overruled and the judgment is affirmed.